Filed 10/28/22  P. v. Cortez CA2/6
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE EZEQUIEL CORTEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B301016<br>(Super. Ct. No. 2004045000)<br>(Ventura County)<br><br><br>OPINION ON REMAND |

Joe Ezequiel Cortez was convicted, by jury, of the first degree murder of Karl Wenrich.  (Pen. Code, § 187, subdivision (a).)[1]  The jury found true the special circumstance allegations that the murder was committed during a burglary, during a robbery and for the benefit of a criminal street gang.  It also convicted appellant of first degree burglary, attempted residential robbery, possession of a firearm by a felon, possession

---

[1] All statutory references are to the Penal Code unless otherwise stated.

of ammunition by a felon, and possession for sale of a controlled substance. The trial court sentenced appellant to state prison for life without the possibility of parole plus 33 years. We affirmed the convictions in an unpublished opinion. (*People v. Cortez* (Jan. 16, 2008, B190878).)

Cortez filed a petition for resentencing under section 1172.6 (former § 1170.95).[2] The trial court summarily denied it on the ground that appellant was not eligible for relief as a matter of law because the jury's special circumstance findings established that he was a major participant in the underlying felonies and that he acted with reckless disregard for human life. We affirmed the order. The California Supreme Court vacated our original opinion and instructed us to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952. Having done so, we now conclude appellant has alleged a prima facie case for relief. Thus, he is entitled to an evidentiary hearing under section 1172.6, subdivision (d). We therefore reverse. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.)

*Factual Summary*

In 2003, appellant went to a drug dealer's (Wenrich) house to buy heroin. Over Wenrich's objection, appellant let fellow gang members Ernesto Madrid and Ernesto Hall into the house. They confronted Wenrich and bound him with duct tape. They ransacked the house for drugs and money. Wenrich was shot twice in the head, once in the chest, and once in the hip. Wenrich was able to call 911. He told the police that appellant shot him.

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes in text. (Stats. 2022, ch. 58, § 10.)

Appellant was arrested hours later, wearing sneakers that matched bloody shoe prints found inside Wenrich's house. Searching appellant's house, police officers found a bag of syringes used to inject heroin, a pipe and marijuana, a loaded nine-millimeter handgun, bullets, $2,231 in cash, gang photos of appellant and his co-defendant Ernesto Madrid, the duct tape used to restrain Wenrich, a stash of heroin packaged for sale hidden in a box in the back yard and shoes and clothing used in the robbery. Wenrich's blood was on two socks and a pair of shoes found in the trunk of appellant's car.

*Petition for Resentencing*

In 2019, appellant filed a petition and supplemental petition pursuant to section 1172.6, alleging that he was not the actual killer, that he did not intend to kill the victim, and he was not a major participant in the burglary/robbery or act with reckless indifference to human life during the course of the burglary/robbery. Appellant's co-defendant, Ernesto Hall, submitted a declaration stating that Hall bound Wenrich's legs, shot Wenrich in the face and that Wenrich was shot three or four more times during a struggle. Hall claimed that appellant left on his bike after he let Hall into the house.

The trial court appointed counsel for appellant but denied the petition on the ground that no showing was made that appellant was entitled to relief. In a written order, the trial court stated "[t]here was substantial evidence presented at trial to support [the] conclusion that [appellant] did aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; and even more[] so, that he was a major participant in the felony and did act with reckless indifferent to human life during the course of the crime."

3

*Senate Bill No. 1437 and Section 1172.6*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which became effective on January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill limits "liability under a felony-murder theory principally to 'actual killer[s]' ( . . . § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd. (e)(2)). Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2' – that is, the statute defining the felony-murder special circumstance. ( . . . § 189, subd. (e)(3).)" (*Strong, supra,* 13 Cal.5th at pp. 707-708.)

SB 1437 also created a procedural mechanism for persons convicted under the former law to petition for resentencing by, among other things, affirming that the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) If a resentencing petition contains the required information, the trial court must evaluate the petition to determine whether it states a "prima facie case for relief." (*Id.*, subd. (c).) If so, "the court shall issue an order to show cause." (*Ibid.*)

5

After issuing an order to show cause, the trial court holds an evidentiary hearing to determine whether the petitioner is entitled to relief.  (§ 1172.6, subd. (d)(1).)  At this hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (*Id.*, subd. (d)(3).)

*People v. Strong*

In *Strong,* our Supreme Court held that major participant and reckless indifference special circumstance findings made prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 do not, as a matter of law, preclude a petitioner from making out a prima facie case for relief under SB 1437 and section 1172.6.  (*Strong, supra,* 13 Cal.5th at p. 710.)  As the court explained, "[SB] 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019.'  [Citation.]  A pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements."  (*Id.* at pp. 717-718.)

Additionally, *Strong* held that the trial court may not, at the prima facie stage, deny the petitioner an evidentiary hearing based on its independent review of the trial record.  "Section 1172.6 offers resentencing for petitioners who have not been determined beyond a reasonable doubt to have the degree of

6

culpability now required for a murder . . . conviction. Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong, supra*, 13 Cal.5th at p. 720.)

Here, the trial court denied appellant's petition without issuing an order to show cause or holding an evidentiary hearing because it concluded that the jury's special circumstance findings at appellant's trial rendered appellant ineligible for resentencing as a matter of law. Appellant's trial occurred before the decisions in *Banks* and *Clark*. As respondent correctly concedes, *Strong* controls the result here. The matter must be remanded to the trial court to issue an order to show cause and conduct an evidentiary hearing as provided in section 1172.6, subdivisions (c) and (d). We express no opinion on how the trial court should rule after such a hearing.

*Disposition*

The trial court's order dated September 16, 2019, denying the petition for resentencing is reversed. The matter is remanded to the trial court for further proceedings as provided in section 1172.6.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:



GILBERT, P. J.



PERREN, J.*

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8

Ben Coats, Judge

Superior Court County of Ventura

_____

Todd W. Howeth, Claudia Y. Bautista, Public Defenders, Michael C. McMahon, Snr. Deputy, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Dana Muhammad Ali, Supervising Deputy Attorney General, Charles S. Lee, Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.